1804.

## Todd *v.* Potter.

In the Court below,

JOHN POTTER, *Plaintiff*; CALEB TODD, and HEZEKIAH TODD, *Defendants*.

A judgment against garnishees, that they are jointly, and severally, agents of the absconding debtor, is good.

A finding of facts by the court, in these words, " *the court are of opinion,*" &c. is a good finding.

THIS was a *scire-facias* against the defendants, in which they were described, and alleged to be so described in the original writ, as attornies, factors, agents, trustees, and debtors, both *jointly*, and *severally*, to *Moses Todd*, an absent and absconding debtor.

To which the defendants pleaded, that they were not jointly, nor severally, agents, attornies, &c. nor had they any of the estate of said *Moses* in their hands. The Superior Court rendered judgment, as follows : " This " Court, having fully heard the parties, with their exhib- " its, proofs, and counsel, and on consideration, *are of* " *opinion,* that, at the date, impetration, and service of " the plaintiff's said original writ, and when said copies " were left with them, the defendants, they, the defen- " dants, were, jointly, and severally, the agents, attor- " nies, trustees, factors and debtors, to the said *Moses*, " and had the estate of the said *Moses* in their hands. *It* " *is thereupon considered,* by this Court, that the plaintiff " recover of the defendant," &c.

The defendants brought a writ of error, and assigned the following errors :

1. That the declaration is insufficient.

2. That the defendants are alleged to have been *jointly*, and *severally*, indebted to the said *Moses*, at the

date of said writ, and they could not be *jointly* sued for debts, *severally* owed by them to said *Moses*.

3. That by the finding of the Court, it appears, they were jointly and severally the agents, &c. of said *Moses ;* and it is not ascertained, by the finding, to what amount they were jointly, or individually, liable, for debts of said *Moses.*

*W. Hillhouse,* for the plaintiffs in error.

1. In the *scire-facias,* the defendants were called upon to disclose what property they jointly, and severally, owed *Moses Todd.* To allow debtors thus to be joined, would be productive of the most injurious consequences ; for if one owed ten dollars, and the other ten times ten, each would be liable for the whole. The Superior Court so considered it, in *Boardman* v. *Stewart.* (*a*) In that case, they are not said to be joint agents ; but in this, they are said to be severally, as well as jointly, indebted. Upon this issue, therefore, several as well as joint debts might be proved.

It may be said, that every thing is to be presumed in favor of a verdict. The rules are the same here, as in England, and by them, a verdict cures only matters of form. (*b*)

2. This is a statute proceeding, founded upon the custom of London, by which it is necessary to describe the specific debt, or thing attached. The ground of liability should appear, either in the *scire-facias,* or the pleadings, or else the court should find what effects the gar-

(*a*) 1 *Root* 475.     (*b*) *Co. Litt.* 227.

nishee had in his hands ; otherwise, he will be deprived of the benefit of that part of the statute, which was meant to discharge him from the claims of his creditor.

In England, the amount of the debt is always found, and then the damages. The *scire-facias* is in nature of a bill in chancery to procure a disclosure. There, the court must find the facts ; here, they have neither found what, nor how much, the debt was.

3. The Court have found nothing on which to ground a judgment. They do not *find*, that the defendants were agents, &c. but *are of opinion*, that they were. If, in like case, the jury, instead of *finding* the facts, were to give an opinion merely, it would not be good. (c) Upon such subjects, the old established forms ought to be adhered to ; innovations are dangerous.

*Daggett*, and *Baldwin*, for the defendant in error.

1. In the original process, *Caleb* and *Hezekiah Todd* were described as jointly, and severally, indebted to *Moses Todd*; and in the *scire-facias*, it was necessary to recite the former description. But, after that, we might close with a demand against them jointly ; and altho' we have said jointly, and severally, the last is mere surplusage, and *utile per inutile non vitiatur*.

Two persons may as well be joint and several trustees, attornies, or factors, as debtors. The demand we made, is a demand upon them to shew cause, why judg-

(c) 1 *Root* 466, *Bacon* v. *Childs*. 2 *Root* 282, *Knowles* v. *State*, *Cro. Car.* 442, *Slocomb's case*. *Id*. 580, *Reymond* v. *Burbedg*. 3 *Bulstrode* 92. *Cro. Car.* 386, *Robins* v. *Saunders*.

ment should not be rendered against *them*, *i. e.* against them jointly, for the joint and several debt.

If A. had a joint and several note against B. and C.— might not the creditor of A. state, that B. and C. were jointly and severally indebted to him, according to the truth of the case ? This might not be necessary, but it would not vitiate the proceedings ; and if the declaration stated, that they were jointly indebted, and the court found them indebted jointly and severally, such judgment would be good ; for it would only be declaring the law upon a joint debt, *viz.* that it is joint and several. If they owed enough jointly, and also severally, there was basis sufficient for the judgment. But if the joint debts had equalled only part of the claim of the attaching creditor, and there had been likewise separate debts, the court would have had nothing to do with the separate debts ; and it would be presumed that they found the joint debts equal to the amount of the judgment.

2. But it is said the judgment should be more particular. The plaintiff cannot be required to state, in his *scire-facias*, the specific debt, due from the defendant to the absconding debtor ; for it is impossible for him to know it. The defendant cannot be required to state it in his plea ; and the plaintiff can state it no better in his replication, than in his declaration. The issue is good without it ; and the judgment, which answers that issue, is, consequently, good.

It was necessary to make a statute, to compel the court to place upon the record the facts, upon which they found a decree in chancery. In this case, no statute requires a finding of the facts ; it cannot, therefore, be necessary.

H h

It is said, the Court have not found the amount of the indebtedness of the agents. But how can the Court get at that fact? The garnishees may refuse to disclose, and besides, the Court are not to enquire into, and settle the accounts between the garnishee and his creditor, while the latter is not a party.

In no case can it be necessary, or, indeed, of any use, to find the sum, except where the garnishee owes less than the sum claimed of the absconding debtor; and then, the garnishee will, for his own sake, shew what the sum is. The practice upon this subject has been too long adopted, and too uniformly sanctioned, to be now overthrown.

3. It is objected, that the judgment is not expressed in a technical manner. The words are, " The Court are of opinion, that the defendants are agents," &c. and, " it is considered that the plaintiff recover." The case of *Knowles* v. *State* (*d*) is very different from this. There the Court " were of opinion, that the defendant pay a fine," without having found him guilty. The decision in the case of *Bacon* v. *Childs* (*e*) is correct; but does not bear upon this case. Here, the form is substantially preserved. Innovations it is admitted are dangerous, but innovations upon *words* are the least so. In England, the jury only find the facts; the court determine the law. Here, the court may decide both; but is it necessary, that they preserve the same form that the jury do, and say that " upon their oaths" they find the facts?

The form of the judgment in England is, " That the " record, &c. having been seen and understood, for that *it* " *seems to the court*," &c. " Therefore, *it is considered*

(*d*) 2 *Root* 282.                    (*e*) 1 *Root* 466.

" that the said A. B. recover," &c.( $f$ ) The words used here are surely as strong, as the words " *it seems to the court.*"

*Smith,* (of Woodbury) in reply.

1. A judgment rendered against two debtors *jointly,* because they *severally* owe, is so manifestly unjust, that it requires few words to evince it. If, in this case, they did not mean to claim of *Caleb* and *Hezekiah Todd,* except as they were jointly liable, why should any thing be said about a separate liability?

In the *scire-facias,* the defendants are described as agents, &c. and *jointly,* and *severally,* liable. The plea says they were not jointly, nor severally liable; and the Court are of opinion, that the defendants were jointly, and were severally, indebted. What more could have been said to describe a several, as well as joint, liability? If, under this issue, evidence had been offered, that a several debt existed, could it have been refused? Had the court found only a joint liability, it might have been good; but the judgment is now as defective as the declaration, and cannot, therefore, aid the declaration. Presumptions ought not to be needed to support a judgment.

In England, where to several counts there is a general verdict, and one of the counts is bad, judgment will be arrested. ( $g$ )

2. Here no foundation is laid for damages, or at least for more than nominal damages; for it is not said,

( $f$ ) 3 *Bla. Com. Appen.* xxv.
( $g$ ) 3 *Term Rep.* 439, *Hancock* v. *Haywood.*

that the *Todds* are indebted in any sum. Perhaps the plaintiff need not specify the debt, in the *scire-facias;* but it must be known, at the time of the judgment. In book debt, the amount is always stated, and in *Grant* v. *Jackson* (*k*) the declaration was held bad, because no rule of damages was given.

The record, here, shows nothing as a rule of damages ; and if *Moses Todd* should sue *Caleb* and *Hezekiah Todd*, no person can tell, whether the note, or account, has been satisfied, or not.

Again, the principle, for which we contend, becomes important, because one of the garnishees may want to compel a contribution from the other ; and, in that case, he must show on what account the former judgment was rendered. The practice, which we oppose, is inconvenient, and dangerous, and has no precedent to support it, but it may be, in some measure, obviated, by the Court's finding the facts. To this, it is objected, that the garnishee will not perhaps disclose the sum ; but if he will not, the court may, as in other cases, commit him, and if he still refuses, judgment may be taken for the whole sum.

3. No facts are legally found. Either the technical language must be used ; or the language, which, in common parlance, would be understood, must be admitted. If this is allowed, there can be no rule ; and when the case of *Bacon* v. *Childs* is agreed to as law, it is conceded, that there is a technical language, absolutely necessary. It will not be contended, that it is sufficient for a jury to say, the *fact seems to us to be so ;* and when the Court are

(*k*) *Kirby* 90.

acting as jurors, they must find those facts technically, as well as the jury.

In *Knowles* v. *State*, the Court treat the *finding*, as well as the judgment, as erroneous.

The English forms, which have been cited, do not compare, as they were upon demurrers, and writs of error; there the court find no facts; their precedents, therefore, cannot apply. But the finding of a jury, and of the court upon bills in chancery, are much more analagous to the present case, and must be decisive of it.

BY THE COURT,

The judgment was affirmed.

## Nichols *v.* Leavensworth.

In the Court below,

WILLIAM LEAVENSWORTH, *Plaintiff*; JOHN NICHOLS, *Defendant.*

THIS was an action of book debt.

The general issue was pleaded, and auditors appointed. They reported, that at the hearing before them, the parties exhibited their books, and the charges therein made, within six years from the service of the plaintiff's writ; and the plaintiff claimed, that sundry of the charges of the defendant were for articles delivered, and services rendered, by the defendant, in favor of the plaintiff, to the amount of 49*l.* 11*s.* 8*d.* in payment and satisfaction of good and legal claims, which the plaintiff, at the time of such service, and the delivery of said articles, had, upon

*1804.*

TODD
*v.*
POTTER.

In an action of book debt, the plaintiff may exhibit an account of more than six years' standing, to countervail the account of the defendant, for articles delivered within six years.